## Chambers, Appellant, *v.* Pelican Mutual Life Insurance Company.

*Insurance—Life insurance—Mutual insurance—Guaranty fund.*

In an action on a certificate issued by a mutual life insurance company, where the contract provides that "all subscriptions to the guaranty fund are returnable in the order of subscription from the guaranty fund only," an affidavit of defense is sufficient which avers that the subscriptions to the guaranty fund amounted to $60,800 all of which were prior to plaintiff's subscription, and that surplus assets amounted only to $18,768.

Argued Dec. 8, 1913. Appeal, No. 220, Oct. T., 1913, by plaintiff, from order of C. P. No. 3, Phila. Co., Dec. T., 1912, No. 5,414, discharging rule for judgment for want of a sufficient affidavit of defense in case of William H. Chambers v. Pelican Mutual Life Insurance Company. Before Rice, P. J., Henderson, Orlady, Head and Porter, JJ. Affirmed.

Assumpsit on a certificate issued by a mutual life insurance company.

The certificate in suit was as follows:

Number                                          Class
12099.                                          G.

PELICAN MUTUAL LIFE
Charter Perpetual
Insurance                Company.

Age 47.     Incorporated in Pennsylvania.     Grade G.
"This is to certify, that William H. Chambers, of

1310 Green St., Phila., Pa., has been enrolled a member of class G of the Pelican Mutual Life Insurance Co., and has subscribed to its guarantee fund in the sum of

ONE THOUSAND DOLLARS

which will be returnable in cash, in addition to the distribution value and the accumulations thereon, when 120 consecutive monthly payments of $6.83 each for the guarantee and general funds of The Pelican Mutual Life Insurance Co., have been made on or before the twelfth day of this month and each month thereafter; and, if the death of the above member should occur prior to all the payments on this subscription, his or her heirs or executors will receive from the general Fund of the Pelican Mutual Life Insurance Co., the sum of $250, and the return of all the above payments made to the guarantee fund in excess thereof, and with the accumulations thereon.

SUBJECT TO THE FOLLOWING TERMS AND CONDITIONS

*   *   *   *   *   *   *

"Third.—Maturity.—All subscriptions to the Guarantee Fund are returnable, in the order of subscription, from the Guarantee Fund only; and, in the event of nonpayment of monthly dues after one year from the date hereof, the subscription will be paid up for its then value, maturing in cash in the order of application after the full-paid subscriptions, or its paid-up value may be converted into and credited as payments on any other form of certificate of membership in the Company, as approved by the Board of Directors."

The defendant filed an affidavit of defense, the material portions of which were as follows:

The defendant company is a corporation chartered under the laws of the state of Pennsylvania, doing a life insurance business on the mutual or assessment plan; it has no capital stock, and is governed entirely by its members. It has a guarantee fund, the subscribers

to which receive six per cent cumulative interest certificates for the amount subscribed, when actually paid in cash.

Under the laws of the state of Pennsylvania, subscribers to the guarantee fund can only be repaid whenever the lawfully invested assets of such company shall exceed the reinsurance reserve and other liabilities to an amount equal to the amount of the guarantee fund subscribed, and then only at the option of the directors (Act of May 1, 1876, P. L. 53, sec. 24, P. & L. Dig. 2356, etc.) copy of which is hereto annexed, marked exhibit "Y."

That on or about December 9, 1902, the plaintiff, William H. Chambers, subscribed to the said guarantee fund, a copy of the said subscription being hereto annexed, marked exhibit "Z."

That in accordance with the said subscription, the defendant company gave the plaintiff a bond or contract wherein the defendant agreed to return to the plaintiff the amount paid by him, together with interest, in accordance with the terms and conditions set forth in the said bond or contract and subject to the laws of the state of Pennsylvania in such case made and provided.  A copy of the said bond or contract is attached to the plaintiff's statement of claim marked exhibit "B."

That the defendant company admits that the plaintiff paid the installments, as specified in the said contract, amounting together to $819.60, and of this amount the sum of $99.60 (eighty-three cents per month) was applied to the general fund of the company for the mortuary insurance in connection with the plaintiff's bond, and the balance, $720 ($6.00 per month), was charged to the guarantee fund of the company.

That on or about December 10, 1912, the plaintiff, having completed his payments as above set forth, was offered by the defendant company a paid up subscription certificate for forty shares of the guarantee fund of the said company of the value of $25.00 per share, and

84   CHAMBERS, Appellant, *v.* PELICAN M. L. INS. CO.

Statement of Facts—Opinion of the Court.   [57 Pa. Superior Ct.

was also informed that the said shares could not be cashed at the present time.

That the plaintiff refused to accept the said certificate, although the defendant company is anxious and willing to deliver the same in accordance with its agreements. A copy of the defendant's letter wherein the said offer is contained is attached to the plaintiff's statement of claim marked exhibit "D."

That the subscriptions to the guarantee fund of the defendant company amount to $60,800, all of which are prior to the plaintiff's subscription and are entitled to payment prior to the plaintiff.

That the surplus assets of the defendant company are now $18,768, and the defendant is advised and believes, and therefore avers, that it would be unlawful to pay the plaintiff (or any of the other subscribers to the guarantee fund) the amount of his subscription at this time.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*George J. Edwards, Jr.*, with him *Franklin L. Lyle*, for appellant, cited: Easton v. Temperance Mut. Benefit Assn., 1 North. County, 269; Zimmer v. Central Accident Ins. Co., Pa. 472.

*Charles Lehr*, for appellee.

OPINION BY HEAD, J., April 27, 1914:

We agree with the learned court below that this record presents no proper case for the entry of a summary judgment. The instrument sued on does not purport to be an absolute unqualified obligation to pay a definite sum of money on a specified date. It is a certificate declaring that the plaintiff has been enrolled as a member of a certain class in the defendant com-

pany and has subscribed to its guarantee fund in the sum of $1,000, which will be returnable in cash, etc., subject to the following terms and conditions, inter alia, "All subscriptions to the guarantee fund are returnable in the order of subscription from the guarantee fund only." The certificate accepted by the plaintiff, which is the foundation of this suit, further declared that the liability of the company under it was to be subject, inter alia, to the provisions of sec. 24 of the statute of Pennsylvania, approved May 1, 1876, P. L. 53.

The affidavit of defense sufficiently avers that the charter powers of the defendant company are regulated by the act of November 19, 1902. On the face of the record then, accepting as verity the averments of the affidavit as to the status of the guarantee fund, a defense has been made out sufficient to prevent the entry of a summary judgment. As the case must be tried in the ordinary course, we refrain from further comment at this time.

The appeal is dismissed at the costs of the appellant, without prejudice, however, etc.